# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>        Defendant. | Civil Case No. 1:22-cv-03416 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of the Interior ("DOI" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On or before May 7, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following records from the Office of the Solicitor:

> All memoranda or documents produced by or received by employees within the Departmental Ethics Office relating to the following list of political appointees. This request includes, but is not limited to, any final memoranda developed for the purpose of outlining recusal obligations, potential conflicts of interest that might involve a former employer, their clients or members, and any particular matters that have been identified, as well as any waivers issued by agency ethics officials. This request also includes any and all communications, including written analysis in any form, by and to officials in the ethics office regarding meeting requests with non-governmental entities involving the identified appointees. If any requested records were produced prior to the official start date of any appointee those should also be included:
>
> > a. Elizabeth Klein
> > b. Tommy Beaudreau
> > c. Laura Daniel Davis
> > d. Bob Anderson
> > e. Travis Annatoyn
> > f. Shannon Estenoz
> > g. Melissa Knodel
> > h. Natalie Landreth

2

       i. Jennifer Van der Heide
       j. Tracy Stone-Manning

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand which high-level Department officials have potential conflicts of interest, how the Department is addressing those conflicts, and whether officials are following the rules.

9. On May 7, 2021, the Department acknowledged receipt of Plaintiff's request and assigned it tracking number DOI-SOL-2021-004060.

10. On June 28, 2021, Plaintiff reached out to inquire regarding the status of request DOI-SOL-2021-004060.

11. On July 19, 2021, Plaintiff again reached out to inquire about request DOI-SOL-2021-004060, along with several other requests submitted by Plaintiff.

12. On July 28, 2021, Defendant responded in part "[w]e have identified the appropriate custodians for your FOIA requests, and are currently waiting for said custodians to complete the search of their records and submit any responsive records to the Office of the Solicitor FOIA Office for review."

13. On August 3, 2021, Plaintiff yet again reached out to inquire about request DOI-SOL-2021-004060, along with several other requests submitted by Plaintiff.

14. On August 4, 2021, Defendant responded "[d]id you receive the status update that the SOL FOIA Office sent on July 28, 2021" and repeated the same message.

15. On November 16, 2021, Plaintiff again asked about the status of DOI-SOL-2021-004060. No response from the Department.

16. On April 14, 2022 – nearly a year after first submitting the request, Plaintiff *again* reached out to the Department regarding the status of request DOI-SOL-2021-004060.

17. On June 10, 2022, *over a year* after Plaintiff first submitted request DOI-SOL-2021-004060, Plaintiff *again* asked for a status update or timeline for producing responsive records. Plaintiff received no response.

18. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

19. As of today, Plaintiff's request has been pending for well over a year -- more than 540 days. This is far beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

20. Notwithstanding that the Department claimed to be conducting a search more than a year ago, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

21. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

22. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

23. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

24. PPT properly requested records within the possession, custody, and control of the Department.

25. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

26. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

27. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

28. The Department's failure to provide all non-exempt responsive records violates FOIA.

29. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide

indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: November 8, 2022    Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*